# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DALROYCE JONES, JR., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SECURING RESOURCES FOR )<br>CONSUMERS, INC., )<br>)<br>Defendant. ) | 1:09CV119 |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on Defendant Securing Resources for Consumers, Inc.'s Motion for Summary Judgment. (Docket No. 18.) Plaintiff is proceeding *pro se* and has responded to this motion, and Defendant filed a Reply Brief. (Docket Nos. 21, 22, 23.) For the reasons stated herein, this Court recommends that Defendant's motion be granted and that this action be dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges in his Complaint that he worked for Defendant as a residential counselor from March 2005 through February 21, 2008. (Docket No. 1, Complaint at 2.) On February 12, 2008, Plaintiff says that he was informed by Mr. Tony Johnson that he was being suspended for five days without pay beginning on February 13, 2008. (*Id*.) Plaintiff

further states that Mr. Johnson told him that his suspension was for two instances in which Plaintiff picked up his son during work hours. (*Id*.) On February 21, 2008, Mr. Johnson informed Plaintiff that he was not to return to work because they had no position for him. (*Id*. at 3.) Plaintiff states that he believes "that management has used these as an excuse to discharge me because of my religion, Muslim." (*Id*.) Plaintiff also names other employees who supposedly engaged in more egregious conduct but were not disciplined or discharged. (*Id*.) Plaintiff seeks damages as relief in addition to job reinstatement. (*Id*. at 4.)

In Plaintiff's deposition, he described a 2005 incident in which Miss Brooks, an employee of Defendant with whom Plaintiff had interviewed for his position, corrected him when he read scripture from the Koran to juvenile clients. (Docket No. 19, Def.'s Mem. in Supp. of Mot. for Summ. J., Pl.'s Deposition at 39-41, 43.) Miss Brooks had spoken favorably of Islam during Plaintiff's interview. (*Id*. at 23.) During her talk with Plaintiff in the 2005 incident, she told him that she had a complaint from one of the clients who did not like him reading out of the Koran to them. (*Id*. at 40.) Miss Brooks allegedly told Plaintiff that the government did not "endorse Islamic communities or institutions" and "that would make her lose her license" but that "it's nothing wrong with taking them to a church or reading something out of the Bible, you know, but if they ask and they was curious, I don't mind you telling them. But if they don't ask, do not volunteer to give that information." (*Id*.

at 41.) Plaintiff "imagine[d]" that Miss Brooks was correct that such incidents could cost her her license. (*Id*. at 43) He took her word for it. (*Id*.)

During his deposition, Plaintiff also amplified upon at least one of the incidents in 2008 in which he left work to pick up his son. (Docket No. 19 at 33-39.) Plaintiff stated that he was working with his clients at a group home in Durham, N.C., when his son called and needed a ride home from his work at Dorothea Dix Hospital in Raleigh, N.C. (*Id*. at 34-35.) Plaintiff left his work location with two of his clients with him, traveled to Raleigh and picked up his son, and then dropped his son off in Durham at a school and returned to the group home. (*Id*. at 35.) This occurred around 5 p.m., and Plaintiff was working the 3 to 11 p.m. shift. (*Id*. at 37.) Plaintiff admitted that this was a violation of company policy. (*Id*. at 38-39.) Mr. Johnson was the person who handled the discipline for the company on this incident. (*Id*. at 39.) Mr. Johnson did not ever mention the Muslim religion during this incident. (*Id*.)

Finally, during his deposition, Plaintiff recounted a 2005 incident for which he was disciplined. (Docket No. 19 at 43-45.) He was "written up" for driving "the boys to school" when his driver's license was not in effect due to an earlier DUI conviction. (*Id*. at 45.) Plaintiff admitted that he should not have driven the boys without a license. (*Id*. at 44.)

Defendant argues that Plaintiff has failed to establish a prima facie case of religious discrimination because there is no evidence that Plaintiff's religion was a motivating force

in his termination. (Docket No. 22, Def.'s Mem. in Reply to Pl.'s Resp. to Mot. for Summ. J. at 2.) Even if Plaintiff had established a prima facie case, Defendant argues that the above three acts of misconduct form a legitimate, non-discriminatory reason for Plaintiff's termination. Finally, Defendants contend that Plaintiff has not carried his burden of proving religious discrimination. (*Id*.)

## DISCUSSION

### A.  **Summary Judgment Standard**

Summary judgment is appropriate only when no genuine issue of material fact exists. *Shealy v. Winston*, 929 F.2d 1009, 1011 (4th Cir. 1991). A genuine issue of fact exists if the evidence presented could lead a reasonable fact-finder to return a verdict in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986). A court considering a motion for summary judgment must view all facts and draw all reasonable inferences from the evidence before it in a light most favorable to the non-moving party. (*Id*. at 255.) The proponent of summary judgment "bears the initial burden of pointing to the absence of a genuine issue of material fact." *Temkin v. Frederick County Comm'rs,* 945 F.2d 716, 718 (4th Cir. 1991) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). If the movant carries this burden, then the burden "shifts to the non-moving party to come forward with facts sufficient to create a triable issue of fact." (*Id*. at 718-19 (citing *Anderson*, 477 U.S. at 247-48).) A mere scintilla of evidence supporting the non-moving party's case is

insufficient to defeat a motion for summary judgment. *See, e.g., Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994); *see also Anderson*, 477 U.S. at 248 (non-moving party may not rest upon mere allegations or denials).

**B.    Analysis**

    **1.    Burden-shifting method**

One method by which Plaintiff may avert summary judgment against him is by use of the *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004). To establish a prima facie case of disparate treatment based on religion, Plaintiff must show that: (1) he is a member of a protected class; (2) he suffered an adverse employment action; (3) he was performing his job in a satisfactory manner; and (4) his position remained open or was filled by similarly qualified applicants outside the protected class. *Hill*, 354 F.3d at 285.

Plaintiff cannot establish a prima facie case because the evidence in the record shows that he was not performing his job in a satisfactory manner when his employment with Defendant ended. Plaintiff has not submitted any cognizable evidence under Fed. R. Civ. P. 56(c) upon which a jury could conclude that he was performing his job in a satisfactory manner. Rather, the evidence even from Plaintiff's own deposition, as recounted above, shows that his employment ended shortly after he had violated company policy by leaving

insufficient to defeat a motion for summary judgment. *See, e.g., Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994); *see also Anderson*, 477 U.S. at 248 (non-moving party may not rest upon mere allegations or denials).

**B.    Analysis**

    **1.    Burden-shifting method**

One method by which Plaintiff may avert summary judgment against him is by use of the *McDonnell Douglas* burden-shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 285 (4th Cir. 2004). To establish a prima facie case of disparate treatment based on religion, Plaintiff must show that: (1) he is a member of a protected class; (2) he suffered an adverse employment action; (3) he was performing his job in a satisfactory manner; and (4) his position remained open or was filled by similarly qualified applicants outside the protected class. *Hill*, 354 F.3d at 285.

Plaintiff cannot establish a prima facie case because the evidence in the record shows that he was not performing his job in a satisfactory manner when his employment with Defendant ended. Plaintiff has not submitted any cognizable evidence under Fed. R. Civ. P. 56(c) upon which a jury could conclude that he was performing his job in a satisfactory manner. Rather, the evidence even from Plaintiff's own deposition, as recounted above, shows that his employment ended shortly after he had violated company policy by leaving

work in the middle of his shift and traveling to another city to pick up his son while bringing along two of his teenage clients. (Docket No. 19, Pl.'s Dep. at 33-39.) The other two incidents recounted above are more removed in time from his dismissal, and whether they influenced the decision to end Plaintiff's employment is not clear. However, they do show that his violation of company policy was not a one-time occurrence.

Plaintiff has also failed to provide any evidence from which a jury could determine that he met the fourth requirement of a prima facie case by showing what happened with his position after his dismissal.

Finally, even if Plaintiff had established a prima facie case, Defendant has carried its burden of articulating a legitimate, non-discriminatory reason for Plaintiff's termination by establishing the violation of company policy by Plaintiff leaving work during his shift and taking along his clients. Given this, the burden shifts back to Plaintiff to prove by a preponderance of the evidence that Defendant's stated reasons are a pretext for discrimination. *See Hill*, 354 F.3d at 285. Plaintiff has failed to produce evidence upon which a jury could find that Defendant's stated reasons are a pretext for discrimination. The only evidence presented by Plaintiff of one of Defendant's agents making a comment about his religion is the conversations he had with Miss Brooks which are set out above. The first occurred when Plaintiff was being interviewed for his position, and it was a positive comment. In the other incident, Miss Brooks warned Plaintiff not to read religious material

to his clients unless they first ask questions about the subject. This conversation does not show any discriminatory intent by Miss Brooks toward Plaintiff because he is a Muslim. Rather, it shows her displeasure with Plaintiff volunteering any religious information to his clients because it might jeopardize Defendant's license to operate. Accordingly, Plaintiff cannot show that he has been the victim of intentional discrimination through the burden-shifting framework.

### 2. <u>Direct or circumstantial evidence of discrimination</u>

The other method by which Plaintiff could establish his claim of discrimination is by demonstrating through direct or circumstantial evidence that religious discrimination motivated Defendant's adverse employment decision. *Hill*, 354 F.3d at 284. The only evidence that any of Defendant's agents expressed an opinion on Plaintiff's religion was a positive expression made by Miss Brooks during Plaintiff's interview, as recounted above. Plaintiff admitted that during the 2008 incident which immediately preceded his termination Mr. Johnson never mentioned the Muslim religion. (Docket No. 19, Pl.'s Dep. at 39.) Therefore, no reasonable jury could conclude, by a preponderance of the evidence, that Plaintiff's religion was a motivating factor for his termination, and he cannot establish discrimination by this method. *See Hill*, 354 F.3d at 285.

**Conclusion**

For the foregoing reasons, **IT IS RECOMMENDED** that Defendant's Motion for Summary Judgment (Docket No. 18) be granted, and that this action be dismissed.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: February 1, 2010